**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

*Attorneys for David J. Doyaga, Sr., Plaintiff-Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

NAXOS CLEANERS, INC.,

                       Debtor.
-----------------------------------------------------------------x
DAVID J. DOYAGA, SR., SOLELY AS
CHAPTER 7 TRUSTEE OF THE ESTATE
OF NAXOS CLEANERS, INC,

                       Plaintiff,

     -against-

APPOLLO CLEANERS, INC.,
AFRODITES INC. d/b/a APHRODITES CLEANERS,
LAVANDERIA EXPRESS IV, INC.,
1019 MANHATTAN AVE. REALTY CORP.,
47 KINGSLAND AVE LLC,
155 CALYER STREET HOLDING LLC,

                       Defendants.
-----------------------------------------------------------------x

Chapter 7
Case No.: 21-42255-jmm

Adv. Pro. No.: 24-

## <u>COMPLAINT</u>

David J. Doyaga, Sr., Solely as Chapter 7 Trustee (the "<u>Plaintiff</u>") of the Estate of Naxos

Cleaners Inc. (the "<u>Debtor</u>"), by and through his counsel, the Law Offices of Avrum J. Rosen,

PLLC, respectfully submits this, as and for his complaint (the "<u>Complaint</u>") against the defendants:

(i) Apollo Cleaners, Inc. ("<u>Apollo</u>"); (ii) Afrodites Inc. d/b/a Aphrodites Cleaners ("<u>Aphrodites</u>");

(iii) Lavanderia Express IV, Inc. ("<u>Lavanderia</u>"); (iv) 1019 Manhattan Ave. Realty Corp ("<u>1019</u>

Manhattan"); (v) 47 Kingsland Ave LLC ("47 Kingsland"); and (vi) 155 Calyer Street Holding LLC("155 Calyer") (collectively the "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.      This is a case wherein the Debtor's principal, Nick Nanas (the "Principal"), used property of the estate to collateralize and make payments on Loans (defined below) that were borrowed by entities (the Defendants) that the Principal also owned and for which the Debtor did not receive any consideration.

2.      More specifically, this is a fraudulent conveyance action by the Plaintiff, the Chapter 7 Trustee: (i) to recover payments on the Loans (defined below) made by the Debtor in amounts to be determined at trial, to or for benefit of the Defendants, within the six (6) year reach-back period, for no consideration or reasonably equivalent value and while the Debtor was insolvent and/or indebted to creditors; (ii) to recover attorneys' fees and costs; together with (iii) such other, further and different relief as the Court deems just, proper and equitable.

3.      The Plaintiff brings this action here because the Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

4.      In this suit, the Plaintiff seeks to recover for two separate categories of damages.

5.      *First*, the Plaintiff seeks to recover transfers of money made by the Debtor to certain entities that benefitted the Defendants in an amount to be determined at trial.

6.      *Second*, under the New York Debtor and Creditor Law (the "DCL")[1], the Defendants are liable for the Plaintiff's attorneys' fees and costs in bringing this action.

---

[1] On December 6, 2019, then-Governor Andrew Cuomo signed into law a new fraudulent transfer statute to replace the New York Fraudulent Conveyance Act ("NYFCA"), which has been in place in New York since 1925. The new law, entitled the New York Voidable Transactions Act (the "NYVTA"), is intended to modernize the existing statute and bring New York law in line with federal law and the law in most other states. The NYVTA became effective in New York on April 4, 2020. It will apply only to transactions on or after April 4, 2020. Therefore, this action is governed by the NYFCA.

## JURISDICTION AND VENUE

7. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (F), (H), and (O) and 1334, and Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8. The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

9. This Court is the proper venue for this adversary proceeding in accordance with 28 U.S.C. § 1409(a).

10. The statutory predicates for the relief sought herein include sections 105, 323, 502, 541, 542, 544, 548 and 550 of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6009 and 7001, sections 273, 274, 275, 276 and 276-a of the DCL, New York common law and any common law, rule, regulation and/or any applicable law of any other jurisdiction in which assets that are property of the estate currently unknown to the Plaintiff are located.

11. Pursuant to Bankruptcy Rule 7008, the Plaintiff consents to the entry of final orders and judgments by the Court presiding over this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

12. The Plaintiff is the Chapter 7 Trustee herein. The Plaintiff has a mailing address of 26 Court Street, Suite 1601, Brooklyn, New York 11242. The Plaintiff is authorized to file this action under section 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

13.     Upon information and belief, the Defendant Apollo is an active domestic business corporation formed and existing under the laws of the State of New York. Public records reflect that the address for service of process for Apollo is 1019 Manhattan Avenue, Brooklyn, New York 11222. Upon information and belief, Apollo's President is Mr. Nick Nanas.

14.     Upon information and belief, the Defendant Aphrodite is an active domestic business corporation formed and existing under the laws of the State of New York. Public records reflect that the address for service of process for Aphrodite is 1019 Manhattan Avenue, Brooklyn, New York 11222. Upon information and belief, Aphrodite's President is Mr. Nick Nanas.

15.     Upon information and belief, the Defendant Lavanderia is an active domestic business corporation formed and existing under the laws of the State of New York. Public records reflect that the address for service of process for Lavanderia is 756 St. Anns Avenue, Bronx, New York 10456.

16.     Upon information and belief, the Defendant 1019 Manhattan is an active domestic business corporation formed and existing under the laws of the State of New York. Public records reflect that the address for service of process for 1019 Manhattan is 1019 Manhattan Avenue, Brooklyn, New York 11222. Upon information and belief, 1019 Manhattan's President is Mr. Nick Nanas.

17.     Upon information and belief, the Defendant 47 Kingsland is an active domestic business corporation formed and existing under the laws of the State of New York. Public records reflect that the address for service of process for 47 Kingsland is 1019 Manhattan Avenue, Brooklyn, New York 11222. Upon information and belief, 47 Kingsland's President is Mr. Nick Nanas.

18.    Upon information and belief, the Defendant 155 Calyer is an active domestic business corporation formed and existing under the laws of the State of New York. Public records reflect that the address for service of process for 155 Calyer is 47 Kingsland Avenue, Brooklyn, New York 11211.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.    The Bankruptcy Filing and Appointment of the Plaintiff**

19.    On September 1, 2021 (the "Petition Date"), an involuntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") was filed against the Debtor.

20.    On May 23, 2022, the Order for relief was entered, which also converted the Chapter 7 case to one under Chapter 11 of the Bankruptcy Code. Thereafter, on May 31, 2022, the petitioning creditors filed a motion seeking to convert the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code. By Order dated August 11, 2022, the Court entered an Order converting the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code

21.    David J. Doyaga, Sr. was appointed interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, became the permanent Chapter 7 Trustee of the Debtor's estate.

**B.    Insolvency and the Predicate Debt**

22.    As of the Petition Date, the Debtor was "balance sheet insolvent," in that the sum of its debts was greater than all of its assets at fair valuation.

23.    According to the Debtor's Summary of Your Assets and Liabilities and Certain Statistical Information and Schedules A/B and E/F [Bankr. Dkt. No. 86] as of the Petition Date, the Debtor had liabilities of $455,893.46 and assets of $48,000.00, for a net deficit of minus $407,893.46.

24.     In addition, as early as December 2016, the Debtor ceased paying its rents and paying its obligations as they became due. The Debtor's landlord, Ninth Street Associates filed proof of claim 2, asserting a prepetition claim for rental arrears, together with other costs from December 2016 [Proof of Claim No.: 2-1]. The Debtor carried over the above-mentioned balance and, as of the Petition Date, the Debtor was indebted to Capital One in the amount of $455,184.82.

25.     Accordingly, the Debtor was indebted to creditors as of 2016 and was not paying its debts as they became due

**C.     The Debtor's Business and the Bankruptcy Settlement**

26.     Prior to the Petition Date, the Debtor operated a laundromat at 155 Calyer Street, Brooklyn, New York.

27.     Prior to the Petition Date, the Debtor filed a summons and complaint in the New York State Supreme Court, Kings County against its landlord, styled as Naxos Cleaners Inc., against 155 Caylet, LLC. And Pokey Jomo Corp. (the "Landlords"), index number 508192/2015 (the "State Court Action").

28.     On October 10, 2022, the Trustee and the Landlord, entered into a stipulation, which agreed, among other things, to remove the State Court Action to this Court.

29.     The dispute of the Adversary Proceeding was related to a lease agreement executed between the Debtor as a tenant and the Landlords at 155 Calyer Street, Brooklyn, New York (the "Property").

30.     The Trustee ultimately negotiated a settlement with the Landlords, which resolved the Adversary Proceeding.

31.     Pursuant to the settlement, the Settlement Parties agreed to pay the Trustee, in full and final satisfaction of the estate's right, title and interest in the lease to the Property and its equipment, the total sum of $20,000.00 and the release of certain claims.

32.     The Defendants, Apollo and Aphrodites appeared only to object to the Settlement [Bankr. Dkt. No. 130] (the "Objection").[2]

33.     The Objection was supported by a declaration of the Principal (Nick Nanas) [Bankr. Dkt. No. 130-1]. Upon information and belief, the Principal is the principal of the Defendants and the Debtor. Annexed hereto as **Exhibit "A"** is a copy of the Principal's Declaration.

34.     The Principal asserted in the Objection that the Debtor was not the owner of certain equipment at the Property.

## C.     The UCC's

35.     Upon review of the New York State Department of State Uniform Commercial Code On-Line Database, it appears that the Debtor was a guarantor on numerous loans for equipment not located at the Property or for which the Debtor did not maintain an ownership interest.

36.     Upon information and belief, the Debtor's assets were used to purchase equipment and collateral that benefitted the Defendants.

### i.     UCC-246

37.     On or about June 18, 2010, Eastern Funding LLC filed a UCC-1 naming Lavanderia, Aprodite and the Debtor as obligors to a note secured by certain equipment (the "UCC-

---

[2] The Court overruled the defendant's objection and On March 23, 2023, the Court entered an Order approving the settlement under Bankruptcy Rule 9019 [Dkt. No. 134]. On April 6, 2023, Apollo and Aphrodite filed a joint appeal of the 9019 Order. That appeal was filed in the United States District Court identified by case number 23-cv-02853-LDH. On April 17, 2024, a Summary Order of the Honorable Ramon E. Reyes, United States District Judge, was entered dismissing the appeal for failure to respond to the Court's order to show cause and for lack of standing.

246")). Annexed hereto as **Exhibit "B"** is UCC-246.

38.     Upon information and belief, and upon review of the UCC-246 schedules, the specific equipment that was secured was equipment located at four different addresses in the Bronx.

39.     More specifically, the addresses are: (i) 3322 Decatur Avenue, Bronx, New York 1067; (ii) 2727 Decatur Avenue, Bronx, New York 10467; (iii) 870 Jennings Street, Bronx New York 10459; and (iv) 1334 Louis Nine Boulevard, Bronx, New York 10459 (Collectively the "Bronx Lots". *See* Exhibit B.

40.     Upon information and belief, the Debtor did not operate out of the Bronx Lots.

41.     Upon information and belief, the Debtor did not own the equipment secured by UCC-246.

42.     Upon information and belief, the Debtor's assets were used to pay the loan secured by UCC-246.

43.     On or about June 5, 2015 and June 2, 2020, the secured lender filed continuations of UCC-246.

44.     On or about September 12, 2022, the secured lender filed a termination notice of UCC-246.

45.     Upon information and belief, within the six (6) year period prior to the Petition date, the Debtor's assets were used for the UCC-246 loan that benefitted Lavanderia and Aphrodite.

ii.    **UCC-472**

46.    On or about June 18, 2010, a UCC-1 was filed by Eastern Funding LLC naming Lavandria and the Debtor as obligors to a note secured by certain equipment (the "UCC-472"). Annexed hereto as **Exhibit "C"** is UCC-472.

47.    Upon information and belief, and upon review of the UCC-472 schedule, the specific equipment that was secured was equipment located at 696 New Lots Avenue, Brooklyn, New York 11207 ("696 NLA"). *See* Exhibit C.

48.    Upon information and belief, the Debtor did not operate out of 696 NLA.

49.    Upon information and belief, the Debtor did not own the equipment secured by UCC-472.

50.    Upon information and belief, the Debtor's assets were used to pay the loan secured by UCC-472.

51.    On or about January 29, 2016, the secured lender filed a continuation of UCC-472.

52.    Upon information and belief, within the six (6) year period prior to the Petition date, the Debtor's assets were used for the UCC-472 loan that benefitted Lavandria.

iii.    **UCC-973**

53.    On or about July 11, 2013, a UCC-1 was filed by Eastern Funding LLC naming Apollo, the Debtor, 1019 Manhattan, 47 Kingsland, 155 Calyer, Achilles and Poseidon as obligors to a note secured by certain equipment (the "UCC-973"). Annexed hereto as **Exhibit "D"** is UCC-973.

54.    Upon information and belief, and upon review of the UCC-973 financing statement, the loan which was secured by the Debtor's equipment, as guarantor, was for the benefit of 1019 Manhattan, Apollo, Kingsland, 155 Calyer, Achilles and Poseidon.

55.    Upon information and belief, the Debtor did not benefit from the UCC-973 loan.

56.    Upon information and belief, the Debtor's assets were used to pay the loan secured by UCC-973.

57.    Upon information and belief, within the six (6) year period prior to the Petition date, the Debtor's assets were used for the UCC-973 loan that benefitted 1019 Manhattan, Apollo, Kingsland, 155 Calyer.

**iv.    UCC-592**

58.    On or about November 21, 2013, Eastern Funding LLC filed a UCC-1 naming Apollo, the Debtor, 1019 Manhattan, 47 Kingsland, Achilles, Aphrodite and Poseidon as obligors to a note secured by certain equipment (the "UCC-592"). Annexed hereto as **Exhibit "E"** is UCC-592.

59.    Upon information and belief, and upon review of the UCC-592 financing statement, the loan which was secured by the Debtor's equipment, as guarantor, was for the benefit of Apollo.

60.    Upon information and belief, the Debtor did not benefit from the UCC-592 loan.

61.    Upon information and belief, the Debtor's assets were used to pay the loan secured by UCC-592.

62.    Upon information and belief, within the six (6) year period prior to the Petition date, the Debtor's assets were used for the UCC-592 loan that benefitted 1019 Manhattan, Apollo, Kingsland, Aphrodite.

**v.    UCC-416**

63.    On or about January 24, 2014, Eastern Funding LLC filed a UCC-1 naming 155 Calyer and the Debtor as obligors to a note secured by certain equipment (the "UCC-416"). Annexed hereto as **Exhibit "F"** is UCC-416.

64.     Upon information and belief, and upon review of the UCC-416 financing statement, the loan which was secured by the Debtor's equipment, as guarantor, was for the benefit of 155 Calyer.

65.     Upon information and belief, the Debtor did not benefit from the UCC-416 loan.

66.     Upon information and belief, the Debtor's assets were used to pay the loan secured by UCC-416.

67.     Upon information and belief, within the six (6) year period prior to the Petition date, the Debtor's assets were used for the UCC-416 loan that benefitted 155 Calyer.

**vi.     UCC-692**

68.     On or about January 24, 2014, Eastern Funding LLC filed a UCC-1 naming Apollo and the Debtor as obligors to a note secured by certain equipment (the "UCC-692"). Annexed hereto as **Exhibit "G"** is UCC-692.

69.     Upon information and belief, and upon review of the UCC-692 financing statement, the loan which was secured by the Debtor's equipment, as guarantor, was for the benefit of Apollo.

70.     Upon information and belief, the Debtor did not benefit from the UCC-692 loan.

71.     Upon information and belief, the Debtor's assets were used to pay the loan secured by UCC-692.

72.     Upon information and belief, within the six (6) year period prior to the Petition date, the Debtor's assets were used for the UCC-692 loan that benefitted Apollo.

**D.     The Transfers**

73.     Following the Principal's statements in the Declaration, the Plaintiff began investigating UCC-246, UCC-472, UCC-973, UCC-592, UCC-416, and UCC-692 (collectively

the "Loans") and filed motions seeking authorization to serve subpoenas on the defendants Apollo and Aprodite.

74.     By Orders dated March 19, 2024, the Court authorized the Plaintiff to issue subpoenas to compel the production of documents and compel testimony at a deposition [Bankr. Dkt. Nos. 152 and 153].

75.     The Defendants Apollo and Aphrodite were served with the Court Order and subpoenas pursuant to Bankruptcy Rule 2004. Both defendants adjectively failed to respond to the subpoenas.

76.     The Plaintiff was then compelled to file the instant complaint seeking recovery of any and all transfers from the Debtor which benefited the Defendants, and for which the Debtor received no consideration, made within the six (6) year period prior to the Petition Date.

77.     Based upon the Plaintiff's investigation the Debtor had no obligation to the Defendants or to remit payments in consideration of the Loan.

78.     Rather, upon information and belief, the Loans were expenses of the Debtor's Principal's affiliated entities.

79.     Upon information and belief, the Debtor's funds were used to pay the Loans.

80.     The payments on the Loans constitutes property of the estate.

81.     Upon information and belief, certain payments were made on the Loans prior to the terminations of the Loans and within the six (6) year reach-back period.

82.     Upon information and belief, the payments on the Loans were made at a time when the Debtor was insolvent, or rendered the Debtor insolvent.

83. Upon information and belief, the Debtor received no consideration or reasonably equivalent value for the payments on the Loans. In fact, the payments on the Loans were used for the Defendants businesses equipment.

84. Upon information and belief, at the time of the payments on the Loans, the Debtor was indebted to creditors and the Debtor was not paying its obligations as they became due and owning.

85. Upon information and belief, as of the date of the payments on the Loans, there were actual existing unsecured creditors holding claims allowable under section 502(e) of the Bankruptcy Code, who could have avoided the payments under the DCL.

86. The payments on the Loans were made by the Debtor, with actual intent to hinder, delay, or defraud the Debtor's creditors.

87. The payments on the Loans were not earmarked for the Debtor, and the Defendants were not a mere conduit.

**E.**     **The Plaintiff is Entitled to Attorneys' Fees**

88. Section 276-a of the DCL allows a Plaintiff to recover their attorneys' fees in a fraudulent conveyance action.

89. This is a fraudulent conveyance action. Thus, the Defendants are liable for the Plaintiff's attorneys' fees and costs incurred in bringing this action.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Transfers under 11 U.S.C. § 548(a)(1)(B))**

90. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "89" as if set forth fully herein.

91. Payments on the Loans were made within six (6) years of the Petition Date.

92.    The Debtor received no consideration or reasonably equivalent value in exchange for the payments on the Loans.

93.    Upon information and belief, the Debtor: (a) was insolvent on the date of the payments on the Loans or became insolvent as a result of the payments; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with him was an unreasonably small capital; or (c) intended to incur or believed that he would incur debts beyond its ability to pay as they matured.

94.    At the time of the payments on the Loans, the Debtor was insolvent, or had incurred, or was intending to incur, debts beyond its ability to pay them as they became due.

95.    At the time of the payments on the Loans, the Debtor knew, or should have known, its creditors held claims.

96.    Payments on the Loans constitutes fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code.

97.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the payments on the Loans pursuant to sections 548(a)(1)(B) and 550 of the Bankruptcy Code and a judgment in an amount as yet undetermined, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court against:

(i)      Lavanderia and Aprodite in accordance with UCC-246;
(ii)     Lavanderia in accordance with UCC-472;
(iii)    1019 Manhattan, Apollo, Kingsland, and 155 Calyer in accordance with UCC-973;
(iv)     1019 Manhattan, Apollo, Kingsland, and Aphrodite in accordance with UCC-592;
(v)      155 Calyer in accordance with UCC-416; and
(vi)     Apollo in accordance with UCC-692.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Transfers under 11 U.S.C. § 548(a)(1)(A))

98.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "97" as if set forth fully herein.

99.     Payments on the Loans were made within six (6) years of the Petition Date.

100.     At the time of the payments on the Loans, the Debtor knew, or should have known, that its creditors held claims against it.

101.     Upon information and belief, the payments on the Loans were made by the Debtor with the intent to hinder, delay, or defraud its creditors.

102.     The payments on the Loans constitutes fraudulent transfers under section 548(a)(1)(A) of the Bankruptcy Code.

103.     By reason of the foregoing, the Plaintiff is entitled to an order avoiding the payments on the Loans pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code and a judgment in an amount as yet undetermined, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court against:

(i)     Lavanderia and Aprodite in accordance with UCC-246;
(ii)     Lavanderia in accordance with UCC-472;
(iii)     1019 Manhattan, Apollo, Kingsland, and 155 Calyer in accordance with UCC-973;
(iv)     1019 Manhattan, Apollo, Kingsland, and Aphrodite in accordance with UCC-592;
(v)     155 Calyer in accordance with UCC-416; and
(vi)     Apollo in accordance with UCC-692.

## THIRD CLAIM FOR RELIEF
### (Recovery of Fraudulent Transfers under § 11 U.S.C. § 550)

104.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "103" as if set forth fully herein.

105.    Section 550(a) of the Bankruptcy Code provides in relevant part:

> [T]o the extent that a transfer is avoided under section 544, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from . . . the initial transferee of such transfer or the entity for whose benefit such transfer was made; or . . . any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a).

106.    Under section 550(a) of the Bankruptcy Code, the Plaintiff may recover the payments on the Loans or the value thereof.

107.    By reason of the foregoing, the Plaintiff is entitled to an order recovering the payments on the Loans, or the value thereof, pursuant to section 550 of the Bankruptcy Code and a judgment in an amount as yet undetermined, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court against:

(i)     Lavanderia and Aprodite in accordance with UCC-246;
(ii)    Lavanderia in accordance with UCC-472;
(iii)   1019 Manhattan, Apollo, Kingsland, and 155 Calyer in accordance with UCC-973;
(iv)    1019 Manhattan, Apollo, Kingsland, and Aphrodite in accordance with UCC-592;
(v)     155 Calyer in accordance with UCC-416; and
(vi)    Apollo in accordance with UCC-692.

### FOURTH CLAIM FOR RELIEF
### (Fraudulent Transfers under § 273 of the DCL)

108.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "107" as if set forth fully herein.

109.    Payments on the Loans were made within six (6) years of the Petition Date.

110.    At the time of the payments on the Loans, the Debtor was insolvent or was thereafter rendered insolvent.

111.    Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the payments on the Loans.

112.    The payments on the Loans within six (6) years of the Petition Date constitutes fraudulent transfers in violation of section 273 of the DCL.

113.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 273 of the DCL, the Plaintiff may avoid the payments on the Loans.

114.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the payments on the Loans within six (6) years of the Petition Date pursuant to section 273 of the DCL and judgment in an amount as yet undetermined, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court against:

(i)     Lavanderia and Aprodite in accordance with UCC-246;
(ii)    Lavanderia in accordance with UCC-472;
(iii)   1019 Manhattan, Apollo, Kingsland, and 155 Calyer in accordance with UCC-973;
(iv)    1019 Manhattan, Apollo, Kingsland, and Aphrodite in accordance with UCC-592;
(v)     155 Calyer in accordance with UCC-416; and
(vi)    Apollo in accordance with UCC-692.

**FIFTH CLAIM FOR RELIEF**
**(Fraudulent Transfer under § 274 of the DCL)**

115.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "114" as if set forth fully herein.

116.    Payments on the Loans were made within six (6) years of the Petition Date.

117.    At the time of the payments on the Loans, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in its possession after the payments on the Loans were an unreasonably small capital.

118.    Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the payments on the Loans.

119.    The payments on the Loans made within six (6) years of the Petition Date constitutes fraudulent transfers in violation of section 274 of the DCL.

120.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 274 of the DCL, the Plaintiff may avoid the payments.

121.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the payments on the Loans within six (6) years of the Petition Date pursuant to section 274 of the DCL and judgment in an amount as yet undetermined, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court against:

(i)     Lavanderia and Aprodite in accordance with UCC-246;
(ii)    Lavanderia in accordance with UCC-472;
(iii)   1019 Manhattan, Apollo, Kingsland, and 155 Calyer in accordance with UCC-973;
(iv)    1019 Manhattan, Apollo, Kingsland, and Aphrodite in accordance with UCC-592;
(v)     155 Calyer in accordance with UCC-416; and
(vi)    Apollo in accordance with UCC-692.

## SIXTH CLAIM FOR RELIEF
### (Fraudulent Transfer under § 275 of the DCL)

122.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "121" as if set forth fully herein.

123.    Payments on the Loans were made within six (6) years of the Petition Date.

124.    At the time of the payments on the Loans, the Debtor intended or believed that he would incur debts beyond its ability to pay as they matured.

125.    Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the payments on the Loans.

126.    The payments on the Loans made within six (6) years of the Petition Date constitutes fraudulent transfers in violation of section 275 of the DCL.

127.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 275 of the DCL, the Plaintiff may avoid the payments on the Loans made within six (6) years of the Petition Date.

128.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the payments on the Loans within six (6) years of the Petition Date pursuant to section 275 of the DCL and judgment in an amount as yet undetermined, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court against:

(i)      Lavanderia and Aprodite in accordance with UCC-246;
(ii)     Lavanderia in accordance with UCC-472;
(iii)    1019 Manhattan, Apollo, Kingsland, and 155 Calyer in accordance with UCC-973;
(iv)    1019 Manhattan, Apollo, Kingsland, and Aphrodite in accordance with UCC-592;
(v)     155 Calyer in accordance with UCC-416; and
(vi)    Apollo in accordance with UCC-692.

**SEVENTH CLAIM FOR RELIEF**
**(Fraudulent Transfer under § 276 of the DCL)**

129.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "128" as if set forth fully herein.

130.    Upon information and belief, the payments on the Loans were made by the Debtor with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor in violation of section 276 of the DCL.

131.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 276 of the DCL, the Plaintiff may avoid the payments on the Loans made within six (6) years of the Petition Date.

132.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the payments on the Loans within six (6) years of the Petition Date pursuant to section 276 of the DCL and judgment in an amount as yet undetermined, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court against:

(i)      Lavanderia and Aprodite in accordance with UCC-246;
(ii)     Lavanderia in accordance with UCC-472;
(iii)    1019 Manhattan, Apollo, Kingsland, and 155 Calyer in accordance with UCC-973;
(iv)    1019 Manhattan, Apollo, Kingsland, and Aphrodite in accordance with UCC-592;

(v)     155 Calyer in accordance with UCC-416; and
(vi)    Apollo in accordance with UCC-692.

## EIGHTH CLAIM FOR RELIEF
### (Fraudulent Transfers under § 276-a of the DCL)

133.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "132" as if set forth fully herein.

134.    The payments on the Loans were made by the Debtor with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

135.    The payments on the Loans were received by the Defendants with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

136.    The payments on the Loans made within six (6) years of the Petition Date constitute fraudulent transfers of the Debtor's assets in violation of section 276-a of the DCL.

137.    By reason of the foregoing, the Plaintiff is entitled to a judgment under section 276-a of the DCL, in an amount as yet undetermined, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court against:

(i)     Lavanderia and Aprodite in accordance with UCC-246;
(ii)    Lavanderia in accordance with UCC-472;
(iii)   1019 Manhattan, Apollo, Kingsland, and 155 Calyer in accordance with UCC-973;
(iv)    1019 Manhattan, Apollo, Kingsland, and Aphrodite in accordance with UCC-592;
(v)     155 Calyer in accordance with UCC-416; and
(vi)    Apollo in accordance with UCC-692.

## NINTH CLAIM FOR RELIEF
### (Unjust Enrichment Under New York Law)

138.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "137" as if set forth fully herein.

139.    The Defendants were enriched as a result of the Debtor remitting payments on the Loans within six (6) years of the Petition Date.

140.    The enrichment of the Defendants was at the expense of the Debtor.

141.    The circumstances relating to the payments on the Loans are such that equity and good conscience require the Defendants to compensate the Debtor's estate.

142.    By reason of the foregoing, the Plaintiff is entitled to an order and judgment in an amount as yet undetermined, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court against:

(i)     Lavanderia and Aprodite in accordance with UCC-246;
(ii)    Lavanderia in accordance with UCC-472;
(iii)   1019 Manhattan, Apollo, Kingsland, and 155 Calyer in accordance with UCC-973;
(iv)    1019 Manhattan, Apollo, Kingsland, and Aphrodite in accordance with UCC-592;
(v)     155 Calyer in accordance with UCC-416; and
(vi)    Apollo in accordance with UCC-692.

[*Remainder of Page Intentionally Left Blank*]

## **RESERVATION OF RIGHTS**

143.    During the course of this adversary proceeding, the Plaintiff may learn (through discovery or otherwise) of additional causes of action. Accordingly, the Plaintiff reserves his right to amend this Complaint to include: (i) further information regarding the allegations herein; (ii) revisions to the Defendants name; (iii) additional defendants; (iv) additional causes of action; and/or (v) to seek recovery of such additional transfers (the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the Complaint.

**WHEREFORE**, the Plaintiff respectfully demands: (i) judgment against the Defendants consistent with the allegations set forth in the Complaint; together with (ii) such other, further and different relief that this Honorable Court deems just, proper and equitable under the facts and circumstances herein.

Dated: May 17, 2024                                    Respectfully submitted,
      Huntington, New York

                                        **Law Offices of Avrum J. Rosen, PLLC**

                           By:    */s/ Nico G. Pizzo*
                                  Nico G. Pizzo, Esq.
                                  Avrum J. Rosen, Esq.
                                  38 New Street
                                  Huntington, New York 11743
                                  (631) 423-8527
                                  npizzo@ajrlawny.com
                                  arosen@ajrlawny.com

                                  *Counsel to David J. Doyaga, Sr.*
                                  *Solely as Chapter 7 Trustee of the*
                                  *Estate of Naxos Cleaners Inc.*